Brown v. Corbin et al.

| 121 | 455 |
|---|---|
| 126 | 154 |
| 121 | 455 |
| 133 | 472 |
| 121 | 455 |
| 143 | 646 |
| 121 | 455 |
| 152 | 54 |

No. 13,723.

## Brown v. Corbin et al.

Mortgage.—*Building.*—*Treatment of as Personalty.*—*Sale.*—Where a building is erected on the lot of another, with his consent, to be removed on notice, and transfers of the building are made independently of the land, the purchasers taking possession of and treating it as personal property, it is subject to sale and mortgage as such.

Same.—*Certificate of Acknowledgment.*—*Husband and Wife.*—A certificate of acknowledgment that before a notary public "personally appeared A. B., and C. D., his wife, acknowledged the execution of the annexed mortgage," shows the acknowledgment of the mortgage by both husband and wife.

Chattel Mortgage.—*Recording of.*—*Invalidity.*—*Burden of Proof.*—Where it appears on the face of a chattel mortgage that the mortgagors reside in the county where it was recorded, the evidence showing it to have been recorded in the recorder's office of said county the same day of its execution, the mortgage is *prima facie* a valid lien, and the burden of proof is on the person asserting its invalidity to show that it was not recorded in the county where the mortgagors resided.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*W. P. Rhodes,* for appellees.

OLDS, J.—The complaint in this action is for the foreclosure of a mortgage on lots one and two in the town of Williamsport, in Warren county, and on the undivided one-half of a building occupied as a meat market, situate on Monroe street, in said town, on the east side of said street, on lot seven, in Ellsworth's addition to said town of Williamsport.

The mortgage was executed by appellees Augustus Palin and Nancy J. Palin, his wife, to Amos Martin, on the 9th day of January, 1885, to secure a note for $120, and said mortgage was recorded in the recorder's office of said county on the same day. On December 29th, 1886, the said Amos

Martin transferred the note and mortgage by endorsement in writing for a valuable consideration to appellees William Corbin and Samuel B. Mathis, who brought this action for the foreclosure of the mortgage, making Augustus Palin and Nancy J. Palin, his wife, and Huldah A. Brown defendants, alleging the purchase of the building located on said lot seven by Huldah A. Brown after the execution of the mortgage. Issues were joined, and the cause submitted to the court for trial, which resulted in a finding and judgment for plaintiffs Corbin and Mathis, and a decree of foreclosure of the mortgage and an order for the sale of both the real estate and building.

The appellant assigns various errors, and discusses them at length, which question the right of the plaintiffs in the action to recover a foreclosure of the mortgage against the appellant as to the building included in the mortgage.

One Mrs. Anna Smith, a resident of the State of New York, owned the real estate on which the building was erected at the time it was constructed. One Stevens desired to erect a building on the lot as a meat market, and obtained the consent of the agent of Mrs. Smith in control of the property, to erect the building, to be removed on notice. With this agreement the house was constructed. Various transfers of the building were made independently of the land, the person purchasing the building taking possession of it, and it was treated as personal property. Finally one Hartley became the owner of the building, and Augustus Palin purchased of him a one-half interest in it; afterwards the remaining one-half interest owned by Hartley was sold at constable's sale, and Mrs. Brown, the appellant, purchased the same at constable's sale, knowing at the time that Palin owned the other half of the building. Some time after she purchased the half interest in the building, and after the execution of the mortgage sought to be foreclosed, she purchased the lot on which the building stood of the owner, Anna G. Smith. After the purchase of the lot by the appel-

Brown *v.* Corbin *et al.*

lant, and after the execution of the mortgage in suit by Palin, she purchased Palin's one-half interest in the building for $250, Palin having occupied the building during the time he owned it, and the appellant not disputing his title, or claiming to have obtained title thereto by the purchase and conveyance of the real estate. Mrs. Brown, the appellant, at the time she purchased Palin's one-half interest in the building, had no actual notice of the mortgage executed by Palin and Palin to Martin.

The mortgage is in the usual form of a mortgage on real estate, reciting the fact that "Augustus Palin and Nancy J. Palin, his wife, of Warren county, in the State of Indiana, mortgage and warrant to Amos Martin, of Warren county, in the State of Indiana," etc.

The certificate of acknowledgment of the mortgage is as follows :

" STATE OF INDIANA, WARREN COUNTY, ss. :

" Before me, John W. Sutton, a notary public in and for said county, this 9th day of January, A. D. 1885, personally appeared Augustus Palin, and Nancy J. Palin, his wife, acknowledged the execution of the annexed mortgage. Witness my hand and notarial seal.     JOHN W. SUTTON,
"*Notary Public, L. S.*"

There can be no question but that under the agreement by which the building was erected, and the manner in which it was treated by all the owners of the building and the real estate, including the appellant herself, the building was subject to sale and mortgage as personal property, and if the mortgage is valid and properly recorded, so as to carry notice of its existence to the appellant, then the mortgage would bind her, and the appellees were entitled to a foreclosure of the mortgage as to the building, and a decree for the sale of it.

Two objections are made to the mortgage, one that it is not acknowledged by Augustus Palin, but only acknowledged by his wife, and, further, that as to the personal

property it must appear to have been recorded within ten days in the county where the mortgagors reside, and that it does not appear by the pleadings or evidence that Palin and Palin resided in Warren county when the mortgage was executed and recorded. As to the latter objection, it is sufficient to say that it appears upon the face of the mortgage that both the mortgagor and mortgagees reside in Warren county, and the evidence shows it to have been recorded in the recorder's office of said county the same day of its execution. The mortgage showing upon its face that the mortgagors resided in Warren county, the mortgage would be *prima facie* a valid lien, and the burden of proof would rest on the person asserting its invalidity to show that it was not recorded in the county where the mortgagors resided. *Dutch* v. *Boyd*, 81 Ind. 146.

The fair interpretation to be given to the language used in the certificate of the acknowledgment is, that both the mortgagors, Palin and his wife, acknowledged the mortgage.

The mortgage was properly recorded, and the appellant was bound by it.

The decision of these questions disposes of the case.

There is no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Jan. 14, 1890.