## Clewer *v.* Shields, Appellant.

*Deed—Husband and wife—Acknowledgment—Defective ∗ acknowledgment—Act of February 24, 1770, sec. 2, 1 Sm. L. 307.*

The certificate of acknowledgment of a deed of a wife's real estate recited that there came before the notary "the above named . . . . and acknowledged the foregoing indenture to be their act and deed and desired the same to be recorded as such." The certificate also recited that the wife had been "examined separate and apart from her said husband . . . . without any coercion or compulsion of her said husband." *Held*, that the certificate showed on its face that the husband had acknowledged the deed, and that the deed passed a good title as to his interest in the property conveyed.

Argued April 29, 1909. Appeal, No. 182, April T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1904, No. 844, on verdict for plaintiff in case of William H. Clewer v. Daniel Shields. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Reversed.

Assumpsit to recover back money paid under articles of sale of real estate. Before Shafer, J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $134.50. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Denis E. Behen*, for appellant.—The description of the grantors is sufficiently certain, if their identity can be worked

out through, and by reference to the conveyances and certificates of acknowledgment thereto, the identity of the parties being clearly shown by reference the one to the other, and this, on the maxim, Id certum est quod certum reddi potest: Madden v. Floyd, 69 Ala. 221; Frederick v. Wilcox, 119 Ala. 355.

*J. F. Calhoun,* for appellee, cited: Cressona Saving Fund, etc., Assn. v. Sowers, 134 Pa. 354; Myers v. Boyd, 96 Pa. 427.

Opinion by Beaver, J., July 14, 1909:

By an agreement in writing, dated February 9, 1903, the defendant covenanted to convey to the plaintiff a certain lot, therein described, for the consideration of $950, $100 of the purchase money being paid and the receipt thereof acknowledged at the time. The agreement contained this covenant: "If said title is not good and marketable, said Shields agrees to make same good or money to be refunded." As set forth in the plaintiff's statement and affidavit of claim, which was in evidence and is not denied, "Plaintiff had the title examined and is informed and believes that the same is not good and marketable. That among other defects in the chain of said title, in the deed of Elizabeth Bell and John S. Bell, her husband, to The McKeesport & Wilmerding Land Company, dated May 6, 1897, recorded in the recorder's office of Allegheny county in Deed Book, vol. 968, p. 272, the certificate of the notary fails to show or cite that John S. Bell appeared before him or acknowledged the deed at all."

As an exhibit to the affidavit of defense, the acknowledgment referred to is set forth at length and is as follows: "Commonwealth of Pennsylvania. Allegheny County ss. On this sixth day of May, A. D. 1897, before me, a Notary Public in and for said County, came the above named ——— and acknowledged the foregoing indenture to be their act and deed and desired the same to be recorded as such. And the said Elizabeth Bell being of full age and by me examined separate and apart from her said husband and the contents of said indenture being first made fully known to her, declared that she did voluntarily and of her own free will and accord sign and seal and as her act

and deed deliver the same, without any coercion or compulsion of her said husband. Witness my hand and notarial seal the day and year aforesaid. George M. McCleary, Notary Public. (N. P. seal.)"

On the trial in the court below, the defendant moved for binding instructions, which were refused, and, on the contrary, binding instructions were given for the plaintiff. The refusal of binding instructions for the defendant and those in favor of the plaintiff are the only assignments of error before us.

In the opinion of the court below, discharging the rule for judgment, non obstante veredicto, the deed with the alleged defective acknowledgment is spoken of as the deed of John S. Bell and Elizabeth Bell, his wife, but in the statement of claim this deed is referred to as that of Elizabeth Bell and John S. Bell, her husband, and, as the statement was in evidence and this fact is not denied and inasmuch as it seems to have been taken for granted during the trial that the property conveyed by this deed was that of the wife, Elizabeth Bell, it seems to us that the acknowledgment is subject to the provisions of the Act of February 24, 1770, sec. 2, 1 Sm. L. 307, Stewart's Purdon, 1151, Pl. 24. This section is as follows: "And, in order to establish a mode by which husband and wife may hereafter convey the estate of the wife, be it enacted, That where any husband and wife shall hereafter incline to dispose of and convey the estate of the wife or her right of, in or to any lands, tenements or hereditaments whatsoever, it shall and may be lawful to and for the said husband and wife to make, seal, deliver and execute any grant, bargain and sale, lease, release, feoffment, deed, conveyance or assurance in the law whatsoever for the lands, tenements and hereditaments, intended to be by them passed and conveyed, and, after such execution, to appear before one of the Judges of the Supreme Court or before any Justice of the County Court of Common Pleas of and for the county where such lands, tenements or hereditaments shall lie, and to acknowledge the said deed or conveyance; which Judge or Justice shall, and he is hereby authorized and required to take such acknowledgment, in doing whereof he shall examine the wife separate and apart from her husband, and

shall read, or otherwise make known, the full contents of such deed or conveyance to the said wife; and if, upon such separate examination, she shall declare that she did voluntarily, and of her own free will and accord, seal and as her act and deed, deliver the said deed or conveyance, without any coercion or compulsion of her said husband, every such deed or conveyance shall be, and the same is hereby declared to be, good and valid in law, to all intents and purposes, as if the said wife had been sole, and not covert at the time of such sealing and delivery, any law, usage and custom, to the contrary in anywise notwithstanding."

The second section of the Act of August 10, 1864, P. L. 962, declared "That each notary public of this commonwealth shall have power . . . . to take and receive the acknowledgment or proof, of all deeds, etc.; and also power to take and receive the separate examination of any feme covert touching, or concerning her right of dower, etc., as fully, to all intents and purposes whatsoever, as any judge of the Supreme Court or president or associate judge of any of the courts of common pleas, or any alderman or justice of the peace within this commonwealth."

The deed to which the acknowledgment was alleged to be defective does not seem to have been given in evidence and is certainly not printed in the appellant's paper-book, but the statement of claim, so far as the facts not denied in the affidavit of defense were concerned, was given in evidence. The plaintiff also offered in evidence "Exhibit A to the affidavit of defense, relative to the alleged defective acknowledgment, and calls attention to the facts that the parties are not named in the fore part of the acknowledgment."

Giving full effect, therefore, to the contents of the statement of claim and affidavit of defense, it seems to be clear that the deed in question was that of Elizabeth Bell and John S. Bell, her husband. That the deed was acknowledged by more than one person seems to be settled by the language of the acknowledgment, which is, that "The above named ——— acknowledged the foregoing indenture to be their act and deed." The acknowledgment also is explicit that Elizabeth Bell was ex-

amined separate and apart from her said husband, and this it seems to us makes it clear that, if the deed were the act of more than one person, Elizabeth Bell and her husband were the persons who "acknowledged the foregoing indenture to be their act and deed." If "that is sufficiently certain which can ·be made certain," Broom's Legal Maxims, 623, we cannot see that the omission of the names of the grantors in the first part of the alleged defective acknowledgment can affect its validity, for if the deed were given by more than one person and Elizabeth Bell was one of the persons, as is clearly apparent from the acknowledgment, her "said husband" must have been the other person who made the acknowledgment.

This case is not ruled by Myers v. Boyd, 96 Pa. 427. The question in that case was whether or not a mortgage, containing the certificate "Subscribed and acknowledged before me this 8th day of July, 1872," was entitled to record, so as to give notice to a purchaser at sheriff's sale. Mr. Justice GREEN, who delivered the opinion of the court, said: "A mere inspection of this certificate shows that it is entirely destitute of the chief ingredients essential to constitute a valid acknowledgment. It does not state that the grantor appeared before the officer, though the statute positively requires the personal presence of the grantor before the person who is to take the acknowledgment. It does not state that either the grantor or anyone else made an acknowledgment of any kind of the instrument in question, although the statute distinctly directs that the officer shall certify 'by whom' the acknowledgment was made."

There is here a distinct statement that more than one person acknowledged the deed and that one of the grantors was Elizabeth Bell, who was examined separate and apart from her "*said* husband," who is thereby clearly designated as the other grantor who is named in the deed. In every respect, save the fact that the blank in the acknowledgment left for the names of the parties acknowledging the deed in the first place is not filled, the acknowledgment is complete under the act of 1770, first above referred to, and, inasmuch as the subsequent part of the acknowledgment makes it certain that the person whose

property was conveyed was present and acknowledged the deed to be her act and deed, and the further fact that more than one person made the acknowledgment, and "said husband" makes it certain that the other person who made the acknowledgment was John S. Bell, the husband of Elizabeth Bell, it seems to us that the acknowledgment is of itself a compliance with the act of 1770. It is not necessary, therefore, to invoke the curative acts of May 6, 1899, P. L. 257, and May 2, 1901, P. L. 126. The defendant's point should, therefore, have been affirmed and a verdict directed for the defendant.

Judgment is, therefore, reversed and a judgment now entered for the defendant non obstante veredicto.