## Stephens v. Perkins, et al.

(Decided June 19, 1925.)

## Appeal from McCreary Circuit Court.

1. Deeds—Deed Need Not have Names of Grantors Recited Therein.—Deed by the heirs of a person named, whose signatures were by mark, held not void for failure to have names of grantors inserted in it; "we, the heirs" of person named showing sufficiently who conveyed the property.

2. Deeds—Deeds Not Void for Absence of Other Witness to Signatures by Marks Than Attesting Clerk.—Deed, by heirs of person named, who all signed by making their marks, which were attested by clerk taking acknowledgment, held not to require other witnesses to signatures.

3. Acknowledgment—Certificate of Acknowledgment Not Questionable, in Absence of Mistake or Fraud.—Under Kentucky Statutes. section 3760, certificate of clerk showing acknowledgment by grantors could not be questioned, in absence of fraud or mistake.

4. Descent and Distribution—One Who Claims Against Heirs Has Burden of Producing Will Showing His Right.—Land descends to the heirs at law, unless otherwise disposed of by will, and therefore one claiming against them must produce the will showing his right; heirs not being required to prove a negative.

5. Quieting Title—That Holder Under Title Bond Executed Deed by Attorney in Fact, Created Before His Title Was Perfected, Held Not to Show Defect.—That the holder of title bond, executed deed by attorney in fact, created before he obtained deed from heirs of grantor of title bond, held not to show defective title; deed from the heirs being merely to perfect title, and especially where those claiming under his deed had been in possession over 20 years.

6. Quieting Title—Evidence Held to Show Legal Title in Plaintiff.—In action to quiet title to land, evidence held to show legal title in plaintiff.

7. Quieting Title—Judgment Entered for Party Entitled Under Petition and Counterclaim.—In suit to quiet title, where defend-

ant, by counterclaim, asserts title and prays that it be quieted, judgment will be entered for party entitled to land.

STEPHENS & STEELY for appellant.

H. C. GILLS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming on cross-appeal and reversing on original appeal.

Henry T. Stephens brought this action in equity against Jesse Perkins to quiet his title to a tract of mountain land in McCreary county, alleging that he was the owner of the land and in possession of it, and that the defendant was setting up a fictitious claim to the land. The defendant answered denying the allegations of the petition, pleading that he owned the land and praying by counterclaim that his title be quieted. Proof was taken and on final hearing the circuit court dismissed both the petition and the counterclaim. The plaintiff appeals and the defendant prosecutes a cross-appeal.

The land in controversy is a part of a patent issued June 3, 1858, by the Commonwealth to Whitmill Stephens. The plaintiff produced the following title papers: (1) A title bond from Whitmill Stephens to James Stephens, bearing date November 10, 1858. (2) A deed from Whitmill Stephens' heirs to James Stephens pursuant to the title bond, bearing date July 3, 1888. (3) A deed from James Stephens to S. M. Stephens, bearing date December 18, 1903. (4) A deed from S. M. Stephens to H. T. Stephens, bearing date October 15, 1907. The circuit court held the deed from Whitmill Stephens' heirs to James Stephens void, thus breaking plaintiff's chain of title, and this is the ground mainly urged by appellee to sustain the judgment. The deed so far as is material is in these words:

"Know all men by these presents that we, the heirs of Whitmill Stephens, for and in consideration of one hundred ($100.00) dollars, paid by James Stephens to Whitmill Stephens, we the heirs of Whitmill Stephens do hereby assign, convey and deliver our right, title and interest to the within described land. It being a part of a 700-acre survey patent to Whitmill Stephens and bounded as follows: (Here follows boundary.) We the heirs of

Whitmill Stephens of various states and counties do here deliver, convey and relinquish all our right, title and interest in the above described land to the said James Stephens and his heirs to have and to hold the same free from ourselves, our heirs and assigns forever.

3, 1883

his
ALLEN x STEPHENS
mark

her
REBECCA x STEPHENS
mark

her
MARY E. x STEPHENS
mark

his
SIMON x STEPHENS
mark

his
J. H. x KING
mark

her
MARY x KING
mark

her
REAN x POTTER
mark

his
L. H. x STRINGFIELD
mark

her
LEVINIA x STRINGFIELD"
mark

"State of Kentucky,
County of Whitley.

"I, B. F. Fall, D. C., of the county court for the county and state aforesaid, certify that the foregoing deed of conveyance from Whitmill Stephens' heirs to James Stephens was produced to me in said county and acknowledged before me by said Whitmill Stephens' heirs, parties grantor thereto, to be their free act and deed. Given under my hand this the 6th day of January, 1888.

"J. H. DAVIS, Clerk.
"By B. F. FALL, D. C."

It is insisted that this deed is void for the reason that the names of the grantors are not inserted in it, as was held in Parsons v. Justice, 163 Ky. 740, and Farley v. Stacey, 177 Ky. 115, and cases cited. But in those cases the deeds were formally drawn. The parties of the first part and the parties of the second part were set out. The parties of the first part conveyed the property to the party or parties of the second part. The third person who signed the deed was not named in it as a party and there were no words in the deed by which he conveyed anything or bound himself in any way. The deed was

simply silent as to him and to give the deed any effect as to him was to go beyond the language of the deed. For the deed did not show for what purpose he signed it. That is not this case. The words, "we, the heirs of Whitmill Stephens," show clearly who conveyed the property. The meaning of the deed may be determined from its terms without doubt. A note or other contract reading the same way would necessarily bind the signers and the entire tendency of modern decisions is to read deeds as other contracts, however informally they may be expressed, where the terms of the deed are sufficient to express the intention of the parties. In 18 C. J. 173, the rule is thus stated:

"Further, it is not essential that the grantors be described by name, where they are otherwise so described as to be identified.

"Thus, a deed describing the grantors as "we, the heirs and devisees of S." but not naming them is valid."

The same rule, in substance, is thus stated in 8 R. C. L. p. 935, in those words:

"It is sufficient, in general, that there be parties able to contract and be contracted with, a proper subject matter sufficiently described, a valid consideration, apt words of conveyance, and an instrument of conveyance duly sealed and delivered. Even the omission of all or any of the formal parts of a deed does not destroy its validity, where enough appears on its face to show that those having an interest intend to convey and they join in sealing the instrument, it being sufficient if the matter written is legally set forth in an orderly manner by words which clearly specify the agreement and meaning of the parties and bind them."

It is also insisted that the deed was void because there was no witness to the signatures and the parties all signed making their marks. But this was expressly held otherwise in Blair v. Campbell, 45 S. W. 93. This was the rule under the English statute from which ours is copied:

"It is not essential that the signing by the party to be charged be by hand. It may be made by a stamp, typewriter or printed, if intended to authen-

ticate the instrument as the act of the party. But in such a case it is essential that this be done with the intent to authenticate the contract.'' 25 R. C. L. p. 666.

It is also insisted that the certificate of the clerk does not show who appeared before him and that it is incredible that all of these parties appeared before him at one time. But his certificate shows that the deed was acknowledged before him by ''Whitmill Stephens' heirs, parties grantor thereto,'' and this is a sufficient certificate that the parties who signed the instrument and were the grantors therein, acknowledged it before him. Section 3760, Kentucky Statutes, is in these words:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of a fraud in the party benefited thereby or mistake on the part of the officer.''

There is no showing of fraud on the part of the party benefited or mistake on the part of the officer. The deed was recorded on April 9, 1890, or over thirty years before this controversy arose, and in the meantime none of the heirs of Whitmill Stephens or anybody claiming under them has disputed it.

It is shown by the evidence that the persons signing the deed were the children and heirs at law of Whitmill Stephens. But the plaintiff did not show that Whitmill Stephens left no will. It is insisted that the deed was properly excluded for this reason. When Whitmill Stephens died his land descended to his heirs at law, unless he left a will otherwise disposing of it. He who claims against the heir must produce the will showing his right. The heir is not required to prove a negative.

"A third rule which governs in the production of evidence is, that the obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue.'' 1 Greenleaf on Evidence, section 74.

"To cut off either the heir or next of kin, therefore, the estate must be devised or bequeathed, ex-

pressly or by necessary implication to some other person, and whoever claims against the laws of descent must show a sufficient written title, for an estate in fee is presumed to descend, on the death of the ancestor, in pursuance of the laws of inheritance, unless the descent is shown to have been interrupted by a devise.'' 9 R. C. L., p. 9.

''Where there is a will the property not thereby devised descends to the heirs subject to all charges made thereon by the will.'' 9 R. C. L., p. 103.

It is also insisted that the deed from James Stephens to S. M. Stephens was executed by Henry T. Stephens as an attorney in fact on December 18, 1903, under a power of attorney given him on April 18, 1881, or seven years before the deed was executed by Whitmill Stephens' heirs to James Stephens for the land. But James Stephens held when the power of attorney was executed the old title bond for the land, made November 10, 1858, the deed from the heirs was executed in pursuance of the bond and simply perfected the title of Stephens. Not only so, but this deed is over twenty years old and James Stephens and no one claiming under him has ever disavowed it. In the meantime the purchasers of those claiming under him have held the land.

We, therefore, conclude that the plaintiff showed a legal title to the land. The defendant introduced in evidence what he claimed was a title bond from Whitmill Stephens to Levi Shepherd, which passed by assignment to C. W. Perkins, appellant's father, who made a deed to him in 1896. He did not produce any deed from Whitmill Stephens to his father and the proof of the paper which he produced as a title bond is by no means satisfactory. The circuit court disregarded it under the evidence. The original paper was before him, it is not before us and we must presume that the facts before him were sufficient to sustain the judgment. The record shows that the paper, including the signatures, is in the same handwriting. It bears date April 5, 1853, or five years before Whitmill Stephens had any interest in the land. The proof in the record tends strongly to the conclusion that this paper is an afterthought. It is conceded that appellee Perkins, in his father's lifetime, surrendered the land to Stephens and agreed to make no further claim upon it and from that time for many years he and his father asserted no claim to it.

It is the well established rule that where the plaintiff sues to quiet his title and the defendant by counterclaim asserts his title and prays that it be quieted, judgment will be entered for the party entitled to the land. Fox v. Cornett, 124 Ky. 139; Johnson v. Farris, 140 Ky. 435; Clark v. Boyd, 152 Ky. 234.

The judgment of the circuit court is, therefore, affirmed on the cross-appeal, but on the original appeal the judgment is reversed and cause is remanded for a judgment in favor of the plaintiff.