C. I. T. CORPORATION *vs.* SAMUEL COHEN ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 5th—decided June 27th, 1933.

*T. Holmes Bracken,* with whom was *Maxwell H. Goldstein,* for the appellant (plaintiff).

*Maxwell A. Alderman,* with whom, on the brief, was *Isadore Chaplowe,* for the appellee (defendant Alderman).

BANKS, J.  This is a replevin action to recover possession of a De Soto automobile, title to which the plaintiff claimed by virtue of an assignment to it of a conditional sales contract in which Whalley Motors, Inc., was the conditional vendor and the defendant Samuel Cohen the conditional vendee.  The automobile was replevied from the possession of the defendant Alderman, a constable of the town of New Haven, who held it by virtue of an attachment in an action against Bessie Cohen.  The defendant Samuel Cohen defaulted, and the court rendered judgment for the return of the automobile to the defendant Alderman upon his counterclaim.

On October 6th, 1931, Whalley Motors, Inc., owned the automobile which is the subject-matter of this action, and on that date a conditional sales contract of the same was executed by Samuel Cohen as conditional vendee.  A Chrysler car which Cohen had bought under a conditional bill of sale was taken in part payment and instalment notes given by him for the balance of the purchase price.  The conditional sales contract and the notes were assigned by Whalley Motors, Inc., to the plaintiff.  The invoice of the car was issued in the name of Bessie Cohen, mother of Samuel Cohen, and the ledger account carried in her name.  The car was registered in her name and taxed

as her property. On November 1st, 1932, Alderman attached it as her property, relying on the fact that it was registered in her name and kept at 56 Daggett Street, New Haven, where she and her son Samuel Cohen both lived. The conditional sales contract was not acknowledged as required by law and was not recorded until November 2d, 1932. All the notes given by Samuel Cohen which had matured prior to the date of the attachment were paid, but the note due November 6th, 1932, was defaulted, and the car was replevied by the plaintiff on November 14th, 1932.

The answer and counterclaim of the defendant Alderman alleged that the car, at the time he attached it, was the property of Bessie Cohen. This was denied in the plaintiff's reply. The decisive issue in the case was whether or not Bessie Cohen had an attachable interest in the car. If she did, the attachment created a lien superior to any rights of the plaintiff under the unacknowledged and unrecorded conditional sales contract. The court has not expressly found who was the owner of the car at the time it was attached. It did find, in addition to the facts above recited, that Samuel Cohen testified that he purchased the car, was the conditional owner thereof, and that he caused it to be registered in his mother's name to evade the law which required him, since he had had an accident with a car previously, to furnish a certificate of financial responsibility or insurance against public liability. This statement has no place in the finding, which should state facts and not testimony. *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 230, 96 Atl. 926. It is not a finding that Samuel Cohen was the conditional owner of the car, or of the reason why he had it registered in his mother's name. It is, however, made the basis of the further finding by the court that Cohen is estopped to deny his mother's ownership of the car and the fact

that she had an attachable interest in it. That is a finding of an immaterial fact. The plaintiff does not derive its title through Samuel Cohen, and no facts are found which would estop it to deny the ownership of Bessie Cohen.

Though the court fails to find directly the ultimate fact as to the ownership of the car, its conclusions appear to be based upon the assumption that Samuel Cohen was in fact the conditional vendee of the car. It concludes that, notwithstanding that fact, the plaintiff was not entitled to possession of the car for two reasons, (1) because its right was based upon an unacknowledged and unrecorded conditional sales contract, and (2) because, in causing the contract to be recorded after the attachment and conniving at default in payment, it was guilty of bad faith. As to the second reason, it is found that after plaintiff's manager was informed by Cohen of the attachment, and after a conference in the office of plaintiff's attorney, the conditional sales contract was recorded, and thereafter the note due November 6th was defaulted, and it is further found the default was by connivance and for the purpose of defeating the attachment. If the court is here using "connivance" with its usual meaning of corrupt or guilty assent to wrongdoing, there is no evidence to support this finding. There was no evidence of any understanding or agreement between the plaintiff and Samuel Cohen as to the disposition of the car after it was replevied. If the plaintiff was advised that the recording of the conditional sales contract after the attachment would strengthen its claim to a title in the car superior to that of the attaching creditor of Bessie Cohen, it was well within its rights to record it, as it was also to bring the replevin action to test its rights after the default in the payment of the note due November 6th, which it is not found was in-

duced or procured by any wrongful action on its part. There is no support for a conclusion that the plaintiff was guilty of any bad faith in the transaction which would bar its recovery in this action.

The other ground upon which the court concluded that the plaintiff was not entitled to possession of the car as against the attaching creditor, was that the conditional sales contract under which it claimed title was not acknowledged, and had not been recorded at the time of the attachment. The statute provides that all such sales not acknowledged and recorded as required by statute "shall be held to be absolute sales except as between the vendor and the vendee and their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempted by law from attachment and execution." General Statutes, § 4699. The purpose and object of the statute requiring conditional sale contracts to be executed and recorded in conformity with its terms was to protect creditors of, and bona fide purchasers from, the vendee in such sales from the evils which before had resulted from the existence of lawful and valid conditional sales of which they had no notice. *Liquid Carbonic Co.* v. *Black.* 102 Conn. 390, 394, 128 Atl. 514; *In re Wilcox & Howe Co.*, 70 Conn. 220, 230, 39 Atl. 163. Though a receiver of an insolvent corporation is for most purposes the personal representative of the corporation, a conditional sale made to the corporation, not complying with the requirements of the statute, is nevertheless held to be an absolute sale as against the receiver because he also represents the interests of the creditors of the corporation, the conditional vendee. *In re Wilcox & Howe Co., supra.* A purchaser from the conditional vendee with knowledge that his seller's title rested upon a condi-

tional bill of sale cannot invoke the aid of the statute in an action of replevin brought to recover possession of the property by the conditional vendor, since its purpose and effect is limited to the protection of creditors and bona fide purchasers. *Liquid Carbonic Co.* v. *Black, supra.*

Alderman attached the car as the property of Bessie Cohen. The plaintiff in the attachment action was her creditor, and was not a creditor of Samuel Cohen. If Samuel Cohen, and not Bessie, was the conditional vendee of the car, Alderman is not in a position to invoke the aid of the statute. He is in no better position to do so than one whose possession of the car was purely tortious, being neither a creditor of, nor a bona fide purchaser from, the conditional vendee. The court's conclusion that the plaintiff cannot assert either title or right of possession to the car as against Alderman cannot be sustained in the absence of a finding that the car was attached by him in an action against the person who had an attachable interest in it. It does not appear from the finding that Bessie Cohen, the defendant in the attachment suit, had an attachable interest in the car replevied by the plaintiff or that it was in her possession under circumstances which would justify its attachment as her property.

There is error, the cause is remanded to the Court of Common Pleas with direction to render judgment in favor of the plaintiff.

In this opinion the other judges concurred.