C.I.T. CORPORATION *v.* GEORGE MEYERS ET AL.

MALTBIE, C. J., JENNINGS, ELLS and INGLIS, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 13—decided December 28, 1942.

*T. Holmes Bracken,* with whom was *Maxwell H. Goldstein,* for the appellant (plaintiff).

*Joseph B. Morse,* with whom, on the brief, was *Nelson Harris,* for the appellees (defendants).

INGLIS, J.   This is an action brought to replevy two automobiles, a Hudson sedan and a Hupmobile sedan, which had been sold by the Moody-Wilcox Motor Company, a partnership consisting of J. M. Moody and E. A. Wilcox, to Alfonso Criscuolo on conditional sale contracts, dated February 1, 1938, and March 10, 1938, respectively, which had been assigned to the plaintiff.   The defendant O'Brien, a deputy sheriff, had attached the cars in a civil action in which the defendant Meyers was the plaintiff.   The trial court found the issues for the defendants and adjudged that the property be returned to them.   The basis of the trial court's decision was in part that the conditional sale contracts did not properly state the conditions of the sales and that the sales were therefore absolute sales as regards the defendants under the provisions of §§ 4697 and 4699 of the General Statutes.

The first question to be discussed is the correctness of the plaintiff's claim that the defendants were not in a position to take advantage of the statutes re-

ferred to. The trial court found that the defendants were in possession of the cars by virtue of the fact that the defendant O'Brien had attached them as the property of Criscuolo in an action wherein Meyers was the plaintiff and Criscuolo was the defendant. The finding that Criscuolo was the defendant in that action and that the cars were attached as his property is attacked by the plaintiff. There is, however, much evidence which directly or by reasonable inference supports the finding. And, that aside, we may take judicial notice of the files of the Superior Court. *McCleave* v. *Flanagan Co.*, 115 Conn. 36, 38, 160 Atl. 305. Recourse to those files shows that, on September 6, 1938, about two weeks before the day alleged in the complaint as that on which the defendants "detained" the cars, they were attached as the property of Jennie Criscuolo and Alfonso Criscuolo by the defendant O'Brien as deputy sheriff in an action in which Meyers was the plaintiff and the Criscuolos were the defendants. Even though Alfonso Criscuolo, the conditional vendee, was only one of the defendants in the action, the attachment was sufficient to hold the cars to respond to Meyers' claim against him. *Marion* v. *Faxon*, 20 Conn. 486, 494; *Norwalk* v. *Ireland*, 68 Conn. 1, 16, 35 Atl. 804. The case before us is very different from *C.I.T. Corporation* v. *Cohen*, 117 Conn. 159, 167 Atl. 102, where the facts were that, although Samuel Cohen was the conditional vendee of a car, that car had been attached as the property of Bessie Cohen and it did not appear that Bessie Cohen had an attachable interest in the car or was in possession of it under circumstances which would justify its attachment as her property. There we held that, in the absence of a finding that the car was attached in an action against a person who had an attachable interest in it, the attaching creditor was not in a position to invoke the

aid of the statute to make the conditional sale an absolute one. Here the finding that the cars were attached as the property of Alfonso Criscuolo in an action in which he was a defendant must stand. It follows that his attaching creditor was in a position to take advantage of the statute.

The conclusion of the trial court to the effect that each of the conditional sale contracts failed to state all of the conditions of the agreement between the parties and was not properly executed and acknowledged, which conclusion is also attacked by the plaintiff, is amply justified on the evidence. The contracts themselves are exhibits in the case and made a part of the finding. Each of them provides simply that the balance is due in eighteen monthly payments without specifying when those payments shall commence or end or whether they shall be made in successive months or not. The contract dated March 10, 1938, although stating that the seller is Moody-Wilcox Motor Co., is signed, not by the partnership, but by J. W. Moody individually and is acknowledged by him purportedly in behalf of a corporation named Moody-Wilcox Motor Company. In these particulars, at least, the contracts do not comply with the requirements of § 4697 of the General Statutes. *Standard Acceptance Corporation* v. *Connor,* 127 Conn. 199, 15 Atl. (2d) 314; *C.I.T. Corporation* v. *Hungerford,* 123 Conn. 438, 196 Atl. 151.

It follows that the decision of the trial court based on the ground that because the conditional sale contracts failed to comply with § 4697 of the General Statutes the sales were absolute sales as against the defendants who were attaching creditors is sound. General Statutes, § 4699; *C.I.T. Corporation* v. *Hungerford,* supra. That makes it unnecessary to discuss the other basis of the decision, viz., the court's finding

that at the time of the attachment Criscuolo was not in default under the contracts, which finding has been attacked by the plaintiff.

The only remaining contention which is pressed by the plaintiff is that the court erred in rendering judgment on the counterclaim for a return of the automobiles to the defendant. The basis for this contention is the claim that the defendants had not proved the allegations of the counterclaim which were, in effect, that the defendants held the cars by virtue of an attachment made in the action of *Meyers* v. *Criscuolo*. As has been pointed out already, the trial court found that these facts had been proven, and that finding must stand. In view of that finding, this contention of the plaintiff fails.

There is no error.

In this opinion the other judges concurred.