RHODE ISLAND HOSPITAL NATIONAL BANK OF
PROVIDENCE *v.* ARVID LARSON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

542

Argued December 5, 1950—decided February 27, 1951

*T. Holmes Bracken*, with whom was *Irving E. Stroh*, for the appellant (defendant).

*Anthony I. Wells*, with whom, on the brief, was *John R. Thim*, for the appellee (plaintiff).

O'SULLIVAN, J. On June 29, 1949, Windham Motor Sales, Inc., sold a Lincoln automobile to Emile W. Jacques under a contract of conditional sale. The seller subsequently assigned its interest in the contract to the plaintiff. On September 23, 1949, the defendant, a deputy sheriff, attached the automobile in an action instituted by a creditor of Jacques. During October, the plaintiff brought this action of replevin. The complaint included an allegation that Jacques was in default in failing to pay an instalment of the purchase price due on September 29. From a judgment that the plaintiff recover possession of the automobile, the defendant has appealed. The sole ques-

tion for determination is whether the contract of conditional sale was legally executed. The defendant contends that, as against the vendee's creditors, it is invalid on two grounds, first, the conditions of the sale are not fully stated, and, secondly, the acknowledgment is defective. Our discussion will be limited to the first ground.

Section 6692 of the General Statutes requires that, except as otherwise provided, "all contracts for the sale of personal property, conditioned that title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale." Section 6694 provides that all conditional sales of personal property not made in conformity with § 6692 shall be held to be absolute sales except as between the parties to the transaction and their personal representatives, and that the property involved shall be liable to be taken by attachment and execution for the debts of the vendee.

The purpose of these statutes, as has been repeatedly pointed out, is to protect those who, in dealing with another, may be led, by that other's possession and apparent ownership of personalty, to believe him to be its actual owner. *C. I. T. Corporation* v. *Cohen*, 117 Conn. 159, 163, 167 A. 102; *Commercial Credit Corporation* v. *Carlson*, 114 Conn. 514, 516, 159 A. 352. The statutes were not aimed at invalidating, nor do they invalidate, as between the parties, a conditional sale contract, however defective its execution may be. *Refrigeration Discount Corporation* v. *Chronis*, 117 Conn. 457, 460, 168 A. 783. They were passed solely for the benefit of the creditors of, and the bona fide purchasers from, the conditional vendee. *In re Wilcox & Howe Co.*, 70 Conn. 220, 230, 39 A. 163. This legislative purpose has been consistently recognized by our previous decisions. We have interpreted the

statutes strictly as against the parties to the conditional sale contract and with liberality towards those for whose protection they were enacted. *Lee Bros. Furniture Co.* v. *Cram*, 63 Conn. 433, 437, 28 A. 540; *National Cash Register Co.* v. *Lesko*, 77 Conn. 276, 280, 58 A. 967; *Standard Acceptance Corporation* v. *Connor*, 127 Conn. 199, 203, 15 A. 2d 314.

The terms of the contract involved in this action, in so far as they relate to the payment of the purchase price, read: ". . . for a Cash Price of $3680.00, plus Finance Charge of $440.16 making a Total Time Price of $4,120.16, which the buyer agrees to pay to the seller or seller's assignee in manner following: . . . a total down payment of $1282.00 on or before delivery leaving a Deferred Balance of $2838.16, payable . . . in 24 equal monthly installments of One Hundred eighteen dollars & 26 cts. ($118.26) each . . . the first installment to be paid on July 29th, 1949 and the remaining installments to be paid on or before the —— day of each and every month thereafter until this contract is paid in full." The claimed defect in this recital of the conditions of the sale is that the day of the month upon which the instalments are due was left blank.

It is the plaintiff's contention that the terms of payment are sufficiently definite to meet the requirements of the statute. Its claim appears to be this: the date of the contract is June 29; the first instalment is made payable on July 29, and those remaining, on the "—— day of each and every month thereafter until this contract is paid in full"; hence, an instalment is due on the 29th day of each succeeding month. The weakness of this argument is obvious. In the first place, whether "month" refers to a period of one month immediately following the "29th" or to the calendar month which next follows that date is not stated. Furthermore, if we assume that the actual agreement of

the parties was that all instalments subsequent to the first were to fall due as claimed by the plaintiff, then that was a condition of the sale and, as such, was required by the statute to be expressed in writing.

It is quite simple to say that the parties obviously intended, from the language they used, that monthly payments, subsequent to July, were to be paid on or before the 29th of each month. This is the equivalent of filling in an unstated term of the contract. For aught that appears therein, save what may be deduced by inference to the contrary, the actual, unrecorded agreement may have provided for payments on the 1st or 15th or 30th day of the month. The problem, however, is not one of interpretation, permitting the court to resort to its right to draw reasonable inferences in determining the meaning of a contract. If it were, it is not inconceivable that the missing information could be supplied by inferring that, because the dates when the contract was executed and the first instalment was made payable were the 29th of consecutive months, the parties must have intended the 29th of each of the following months as the date on which the payment was to be made. That, however, is not the point. The only question is whether all of the conditions of the sale were reduced to writing.

The statute is not ambiguous. It provides unequivocally that all, not some, of the conditions shall be expressed in writing. Try as it may, the plaintiff cannot escape from the stubborn fact that the contract does not incorporate the complete terms to which the parties agreed. Unless we propose to depart from the strict policy which has characterized our former decisions, we must conclude, as we do, that the contract of conditional sale in this case was an absolute sale as to the vendee's creditor. *C. I. T. Corpora-*

*tion* v. *Meyers,* 129 Conn. 514, 517, 29 A. 2d 758; *Premium Commercial Corporation* v. *Kasprzycki,* 129 Conn. 446, 450, 29 A. 2d 610.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant for possession of the automobile.

In this opinion BALDWIN, J., concurred.

BROWN, C. J. (concurring). I concur in the conclusion that there was error. I am in full agreement with what is stated in the preceding opinion as to the purpose of the statute and as to the court's duty to enforce strict compliance with it for the protection of bona fide purchasers and creditors. The vendor's gross carelessness and disregard for the requirements of the statute in this case are manifest, not only from its failure to state in the instrument the dates when the monthly payments were to be made but also in the inadequacy of the acknowledgment.

Among other of the applicable provisions of § 6692 is one that all conditional sales contracts "shall be acknowledged before some competent authority." When a corporation is the vendor in such a contract, it "is essential that it appear from the certificate, when read in connection with the instrument acknowledged, that the acknowledgment is made on behalf of the corporation and therefore is its acknowledgment, and not merely that of the individual who executed the instrument." *Commercial Credit Corporation* v. *Carlson,* 114 Conn. 514, 518, 159 A. 352. In other words, under our statute a certificate is insufficient unless it (1) identifies the subscriber, (2) specifies the writing subscribed, (3) states the capacity in which he executed it, and (4) certifies his acknowledgment thereof. At the end of this contract, just below what appears to be the buyer's signature, this appears: "Seller

Signs Windham Motor Sales, Inc., B. Hochberg, Pres. Columbia Ave., Willimantic, Conn." The certificate of acknowledgment states: "Personally appeared Windham Motor Sales, Inc. (Seller) and Emile W. Jacques (Purchaser) signers and sealers of the foregoing instrument and acknowledge the same . . . to be their free act and deed (and the free act and deed of corporation when either party is corporation), before me."

When the purported signature of the vendor, and the certificate, are read together, if it is assumed that the first three of the above requisites essential to a valid certificate were satisfied, it is clear that the fourth was not. Even though the vendor's signature is construed to be that of the corporation, by Hochberg as its president, there is nothing to show that he, rather than some other person without even ostensible authority to act on its behalf, acknowledged the instrument. Since a corporation can act only through its agents, the certification that Windham Motor Sales, Inc., "personally appeared," adds nothing and means nothing. It follows that the certificate is insufficient and judgment must be directed for the defendant.

INGLIS, J. (dissenting). The purpose of the requirement of the statutes that, to be valid as against third parties, a conditional sale contract must state "all conditions" of the sale is to inform such third parties as to what interest the vendee has in the property sold. This purpose is fully accomplished if by a reasonable reading of the contract one is fairly apprised of its terms. *Premium Commercial Corporation* v. *Kasprzycki,* 129 Conn. 446, 450, 29 A. 2d 610; *National Cash Register Co.* v. *Lesko,* 77 Conn. 276, 280, 58 A. 967; see *Mozwish* v. *Sirus,* 113 Conn. 141, 144, 154 A. 166; *Beach* v. *Osborne,* 74 Conn. 405, 408, 50 A. 1019, 1118.

The only possible question concerning the statement of the terms of the sale in the contract involved in this case is whether the times of payments of the instalments of the purchase price are set forth with adequate certainty. The contract on its face is dated June 29, 1949. After stating the amount of each of the instalments and that there should be "24 equal monthly installments," it reads: "the first installment to be paid on July 29th, 1949 and the remaining installments to be paid on or before the —— day of each and every month thereafter until this contract is paid in full." When these provisions are read in their entirety, it appears that the omission of the precise date of the month upon which the instalments were to become due does not materially detract from the certainty of the statement. The agreement was that the instalments would have become due "on or before" such a day, if one had been stated. It is quite apparent, therefore, that the actual agreement between the parties did not contemplate that any payment must be made on any specific day. It might be made at any time within a specified month. The contract did make it plain that the first instalment was due on July 29, that another instalment was due sometime within the month which followed that date, and that a further instalment was due within each successive month thereafter. The contract also made it plain that in no event could payments continue after the expiration of twenty-four months. To apprehend this much from a reading of the contract, it is not necessary to draw any inferences, still less to do any guesswork. It is the plain intendment of what the contract states. A reading of the contract fairly apprises one of what the agreement was with reference to the time for payment of instalments. It, therefore, satisfies the purpose and the requirement of the statute.

In only two cases has this court held that the statement of the due dates of instalments in conditional sale contracts was inadequate to meet the requirements of the statute. In *C. I. T. Corporation* v. *Meyers,* 129 Conn. 514, 517, 29 A. 2d 758, although the contract called for eighteen instalment payments, it completely failed to state when those payments should commence or end or whether they should be made in successive months. In *Standard Acceptance Corporation* v. *Connor,* 127 Conn. 199, 203, 15 A. 2d 314, although the contract was dated December 2, 1938, it stated that the instalment payments were to commence on January 10, 1938, an obvious error. The reasoning of the court which led to the conclusion that the requirement of the statute had not been satisfied was that, even if the error in the date were overlooked, the contract was left with no date stated for the commencement or ending of the instalment payments. Obviously, neither of these cases on their facts is analogous to the present case, nor does the reasoning of the opinion in either of them argue that the statement of terms contained in the contract now before us is inadequate. The present contract states plainly that an instalment is to be paid in each successive month commencing July 29, 1949.

The certificate of acknowledgment which was annexed to the conditional sale contract is set forth in the concurring opinion of *Brown, C. J.* In considering the question whether that certificate is adequate, it must be borne in mind that ordinarily the omission from the certificate of the name of the acknowledger is not fatal if his identity is fairly imported by referring to him in the certificate as the signer and sealer or the subscriber of the document acknowledged. *Sanford* v. *Bulkley,* 30 Conn. 344, 347; 1 C. J. S. 855, § 92 (a) (2); 1 Am. Jur. 364; notes, 29 A. L. R. 919, 1001,

72 A. L. R. 1290, 1300. The same is true even though the certificate relates to acknowledgments by two or more persons. *Bowles* v. *Lowery,* 181 Ala. 603, 610, 62 So. 107; *Brown* v. *Corbin,* 121 Ind. 455, 458, 23 N. E. 276; *Stephens* v. *Perkins,* 209 Ky. 651, 655, 273 S. W. 545; *Clewer* v. *Shields,* 40 Pa. Super. 400, 403.

It obviously is impossible for a corporation to appear personally and acknowledge a document. Accordingly, the words "Windham Motor Sales, Inc. (Seller)," as they appear in the certificate in question, are to be treated as surplusage and ignored. If that is done, the certificate reads: "Personally appeared . . . and Emile W. Jacques (Purchaser) signers and sealers of the foregoing instrument. . . ." That is, the certificate does not specify by name one of the acknowledgers. It is apparent from the certificate, however, that at least two persons appeared and acknowledged the document, because it states that they were "signers and sealers" and that the instrument was acknowledged as "their" free act and deed. The quoted words are in the plural. The certificate is that those who appeared were the signers and sealers of the foregoing instrument. That can be interpreted in no way other than that it was "B. Hochberg, Pres.," and "Emile W. Jacques." It also means that B. Hochberg appeared in his capacity as president of Windham Motor Sales, Inc. The certificate further makes it clear that B. Hochberg as president acknowledged the instrument both as his free act and deed and as the free act and deed of the corporation. It, therefore, adequately complies with the requirements of a proper certificate of acknowledgment.

The case is distinguishable on the facts from *Hayden* v. *Westcott,* 11 Conn. 129; *Commercial Credit Corporation* v. *Carlson,* 114 Conn. 514, 159 A. 352; *C. I. T. Corporation* v. *Hungerford,* 123 Conn. 438, 196 A. 151;

and *C. I. T. Corporation* v. *Meyers*, 129 Conn. 514, 29 A. 2d 758. In the *Hayden* case the certificate did not reveal even by way of inference who had appeared. In the *Carlson* case the certificate failed to state that the person who was making the acknowledgment on behalf of the corporation was an officer of the corporation or was acting in any official capacity. In each of the other two cases the certificate was so garbled as to be meaningless.

In this opinion JENNINGS, J., concurred.