**In the Matter of WATERBURY PACKING COMPANY, Inc., Bankrupt.**

**No. 51, Docket 27183.**

United States Court of Appeals
Second Circuit.

Argued Oct. 18, 1962.

Decided Nov. 2, 1962.

744

Happily future Connecticut cases will not turn upon such minor technicalities, since Connecticut has now adopted the Uniform Commercial Code.

Affirmed.

A. Searle Pinney, Danbury, Conn., for appellant.

Abram W. Spiro, Danbury, Conn., for appellee.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

The District Court confirmed an order of the Referee in Bankruptcy holding appellant's chattel mortgage invalid because in the copy of the mortgage note incorporated in the chattel mortgage the date of the note was left blank. This omission was important because the note provided for payment in quarterly installments "beginning three months from the date hereof".

The relevant Connecticut statute (Conn.Gen.Stat.Ann. § 49–93 (1958)) requires that, as a condition of its validity, a chattel mortgage contain "the terms of repayment". Under Connecticut law this statute must be strictly construed against the mortgagee. Bickart v. Sanditz, 105 Conn. 766, 136 A. 580 (1927).

While there appears to be no direct Connecticut authority on the point here in controversy, the case of Rhode Island Hosp. Nat'l Bank, etc. v. Larson, 137 Conn. 541, 79 A.2d 182 (1951) seems to us to be sufficiently close to be controlling. In that case it was held that a conditional sales agreement in which the day of the month on which payments were to be made was left blank was invalid under a statute requiring that such an agreement, to be valid as against creditors of the vendee, must describe "all the conditions of such sale".

