(No. 4440—)

HUGHES C. BLAKE, DOING BUSINESS AS BLAKE MOTOR SALES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1951.*

LEONARD S. HOPKINS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant has filed his complaint herein, alleging that on February 12, 1948 the State of Missouri, by and through its Director of Revenue, issued to James J. O'Connor a certificate of title to a motor vehicle, to-wit: 1941 Buick Sedanet with engine No. 44390604, showing a lien of a chattel mortgage in the amount of $960.00 to the Commonwealth Loan Company.

On a later date Mr. O'Connor moved to the State of Illinois, and made application to Edward J. Barrett, Secretary of State of Illinois, for a new certificate of Illinois title, surrendering the Missouri title. The said

Edward J. Barrett, Secretary of State, did then issue to Mr. O'Connor certificate of title No. B453505 to said 1941 Buick Sedanet with engine No. 44390604, showing liens "none".

Claimant further alleges that the Secretary of State failed to make the notation of the chattel mortgage lien to the Commonwealth Loan Company.

On April 17, 1948, Mr. O'Connor sold said 1941 Buick Sedanet to Hughes C. Blake, claimant, and assigned said Illinois certificate of title to claimant. Hughes C. Blake sold said Buick Sedanet to Mr. Raymond F. Hoffman on April 26, 1948. On May 31, 1949, upon demand and proof of the existence and validity of said mortgage by the Commonwealth Loan Company, and to protect the enjoinment of the motor vehicle by Mr. Raymond F. Hoffman, the said Hughes C. Blake, claimant, paid the balance then due of $475.00 to satisfy said mortgage lien.

Claimant alleges that under Chap. 95½, Par. 78 of the Ill. Rev. Stat., 1949, the Secretary of State, his employees, agents and servants were negligent, which resulted in a loss to him of $475.00, for which he prays judgment.

The record consists of the complaint, motion of respondent for an extension of time in which to file pleadings, motion of respondent to dismiss, notice to call up the motion of respondent to dismiss, statement, brief and argument in support of the motion of respondent to dismiss, and answer of claimant to the motion of respondent to dismiss.

The respondent herein has filed its motion to dismiss for the reason that the complaint is insufficient in law to state a cause of action against the respondent.

In the case of *L. B. Motors, Inc.* vs. *R. H. Prichard,*

303 Ill. App. 318, the Appellate Court of the State of Illinois in discussing Paragraph 78 said:

"The object of the legislature in enacting the Motor Vehicle Law and Uniform Motor Vehicle Anti-Theft Act was to protect the public from thefts of automobiles, from evils arising from unregulated use, sale and transfer of motor vehicles, and from crimes committed by their use.

The Motor Vehicle Law and Uniform Motor Vehicle Anti-Theft Act were not intended as recording statutes, and do not in any way alter, modify or change the effect of the provisions of the Uniform Sales Act."

We do not feel that it was the intention of the Legislature to place the responsibility, as alleged by the claimant, upon the office of the Secretary of State.

For the reasons stated, the motion of respondent to dismiss must be sustained.

Case dismissed.