In the Matter of John H. GERMAN, Bankrupt.
Joseph VAN HOOREWEGHE, Trustee, Appellant,

v.

FIRST NATIONAL BANK OF MOLINE, ILLINOIS, Appellee.

No. 13067.

United States Court of Appeals Seventh Circuit.

Jan. 26, 1961.

R. L. McLaughlin, Moline, Ill., for appellant.

George W. Crampton, Moline, Ill., for appellee.

Before DUFFY and KNOCH, Circuit Judges, and PLATT, District Judge.

KNOCH, Circuit Judge.

The First National Bank of Moline, Illinois, sought to establish a lien on the proceeds of the sale of an automobile which was an asset of the Bankrupt's estate. The Trustee in Bankruptcy and the Bank filed a stipulation of facts. The Referee in Bankruptcy held that on these stipulated facts the Bank did not have a valid lien against the Trustee on the proceeds of the sale because the Bank had not perfected its lien in accordance with Ch. 95½, § 3–201 et seq., Illinois Revised Statutes, 1959, the Illinois Motor Vehicle Act. Section 3–202 deals with perfection of security interests. Section 3–202(b) reads:

"A security interest is perfected by the delivery to the Secretary of State of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within ten (10) days thereafter, otherwise, as of the time of the delivery."

The stipulation reads:

"It is stipulated that on June 23, 1958, John H. German purchased a 1958 Plymouth convertible automobile from Horst-Zimmerman Motors in Davenport, Iowa. On the same date, Mr. German executed a promissory note and chattel mortgage to First National Bank of Moline, Illinois, as a financing arrangement for the purchase of said automobile. The chattel mortgage was not filed or recorded. The automobile dealer made out the application for certificate of title and mailed it directly to the Illinois Secretary of State, a copy of which application was admitted into evidence as Petitioner's Exhibit No. 1. This application was received by the office of the Illinois Secretary of State on July 31, 1958, and the certificate of title was issued August 1, 1958.

"On September 23, 1959, the said automobile was sold by the Trustee in Bankruptcy herein, pursuant to petition and order authorizing the same, for the price of $1,800.00, which is now held by the Trustee. The lien claimed by First National Bank of Moline against said proceeds of sale amounts to $1,604.97."

The application form, Petitioner's Exhibit No. 1, stated:

| "Date | Lien in Favor of: | Address | Amount |
|-------|-------------------|---------|--------|
| Chattel | First National Bank | Moline, Illinois | 2832.30" |

The Trustee contended, and the Referee agreed, that failure to write the date of the security agreement in the particular space provided on the application form (where the dealer had written "Chattel") was fatal. The application

also stated that the automobile had been acquired on June 23, 1958. The receipt and issue dates, July 31, and August 1, 1958, were stamped on the form by the Secretary of State office. As the date of the acquisition and the date of the security agreement were identical, the date of the security agreement was "contained" in the application.

■ On petition to review the Referee's decision, the District Court held that to place so strict a construction on the statute, under the facts of this case, was to overlook the evident intent of the Legislature. The Courts of Illinois had not yet interpreted this section of the Motor Code, but the District Court was convinced, as we are, that this section, like other Illinois recording Acts, should be construed as primarily a constructive notice statute, to protect a lienor who has substantially complied with its provisions in his attempt to perfect his lien. Here the application form showed that the Bank claimed a lien against the Bankrupt's automobile, the amount secured by the lien, and the date of purchase, prior to which no lien could have attached. The precise date was provable by parole evidence. Here it was the subject of stipulation.

■ In numerous cases, chattel mortgages have been held valid despite such omissions as parts of the mandatory statutory form for acknowledgment, or such errors as misstating the date from which the requisite 10-day recording period runs. It was held that the object of the Chattel Mortgage Act is to afford notice, to such persons as might desire to give the mortgagor credit or to buy his property, that he had in fact mortgaged it. Greenwald v. Lee, 1929, 252 Ill.App. 184, 193; Durfee v. Grinnell, 1873, 69 Ill. 371, 374.

The Trustee points to Ch. 95, § 4, Illinois Revised Statutes, 1959, which limits the duration of a chattel mortgage, as adding importance to precise compliance with the Motor Vehicle statute. If this limitation is applicable to the Motor Vehicle Act, however, the mortgage instrument would still have to be examined, as the Motor Vehicle Act application form does not call for the maturity date of the security interest.

In relying on cases where an unrecorded mortgage was held void as to a third party who had actual notice, the Trustee equates the less than perfect, but substantial, compliance shown here, with complete failure to record a chattel mortgage. We cannot agree with his premise.

■ The Trustee also contends that this is a statute in derogation of the common law and hence must be strictly construed as the Referee construed it. On this subject, the Illinois Supreme Court, dealing with a statutory notice, stated:

"In construing notice requirements, as well as statutes of limitations, courts must look to substance, rather than merely to form, in seeking the true intention of the legislature."

and quoted with approval from McDonald v. City of Spring Valley, 1918, 285 Ill. 52, 54, 120 N.E. 476, 2 A.L.R. 1359:

"Statutes general in their terms are frequently construed to contain exceptions, when considered in connection with well-known rules of law, without the courts being subjected to the criticism of having entered the legislative field. This is done upon the theory that statutes, though general in their terms, have been enacted with the full recognition of rules of law which have become well known and well established." White v. Prenzler, 1956, 7 Ill.2d 624, 131 N.E.2d 540, 543.

■■ It, therefore, seems proper to us to consider the cases which have arisen under the Chattel Mortgage provisions and to decline to construe the Motor Vehicle Act more strictly than the Chattel Mortgage Act. We must agree with the District Judge that there was substantial compliance with the statute, and that the application form was sufficient to put any subsequent purchaser,

creditor, or lien claimant of the Bankrupt on notice of the fact of the lien and upon inquiry as to all salient facts.

All other points urged by the Trustee have been considered and found to lack merit. The Order of the District Court is

Affirmed.