(No. 5031—

BANK OF LYONS, an Illinois Banking Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 17, 1966.*

Petition of Claimant for Rehearing denied April 20, 1967.

JAMES C. SPANGLER, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD A. WARMAN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Bank of Lyons, an Illinois Banking Corporation, instituted this action to recover damages suffered as a result of the loss of its security interest in a certain motor vehicle.

It appears from the record that on January 25, 1959

claimant received an application for an auto loan from Charles W. Barry. On January 30, 1959, Barry executed a note in the amount of $2,557.50, secured by a chattel mortgage on the motor vehicle, and surrendered his certificate of title to claimant. The chattel mortgage was recorded on February 9, 1959 in the Office of the Recorder of Deeds of Cook County. On February 3, 1959, claimant transmitted the certificate of title, together with an application for corrected certificate, to the Office of the Secretary of State. The corrected certificate of title, showing claimant's security interest, effective as of February 11, 1959, was thereafter returned to claimant.

Barry made one payment on his note, but it appears that he was in default since the month of March, 1959. In June, 1960, Barry applied to the Secretary of State for a duplicate certificate of title upon the representation that the original had been lost. This was attempted by the means of forged documents, which purportedly contained a release of the lien of claimant. This was done, of course, without the knowledge or consent of claimant.

These documents were received for processing in the Office of the Secretary of State, and, on June 29, 1960, a duplicate certificate of title was issued to Barry for the automobile. However, Barry did not receive the duplicate certificate, and, through the effort of claimant, it was recovered and returned to the Secretary of State. It also appears from the record that, through the effort of claimant, the duplicate certificate was revoked, and the earlier notation of claimant's lien reinstated.

Subsequently, claimant succeeded in having the automobile repossessed by a Constable of the Town of Brook-

field, Illinois. The Constable, upon repossession, placed the automobile in claimant's parking lot, and turned the keys over to an official of claimant. Within a few hours the automobile was removed from the parking lot, and it is assumed by claimant that it was stolen by Barry. However, there is no evidence to this effect. Since that time all efforts to locate Barry or the automobile have been unsuccessful. Upon these facts claimant seeks to impose liability on the State of Illinois for the loss of its security interest, as well as accrued interest and costs of its efforts to recover the automobile.

Assuming, without deciding, that the Office of the Secretary of State was negligent in their issuance of a duplicate certificate of title, claimant still should not be able to recover. The denial can be attributed to either of two reasons. Both of these reasons deal with the causation factor.

First, it has been shown that Barry was never in possession of the duplicate certificate of title. Claimant should not be penalized for its diligence in locating and returning the duplicate certificate to the Secretary of State, but if Barry did not gain possession of the corrected title, his whole plan was spoiled. In other words, even if it is assumed that the Office of the Secretary of State was negligent, the cause of claimant's injury cannot be attributed to the Secretary of State, but must lie with Barry or the person who removed the automobile from claimant's parking lot.

The second basis is that, after claimant had knowledge of the fraud, it gained possession of its security. Regardless of the capacity in which the Constable repossessed the automobile, the evidence shows that the automobile was in possession of claimant when it was stolen.

We are of the opinion that the Secretary of State's office was not the cause of claimant's loss. Although a person may be negligent in the performance of some duty owed to the person damaged, no liability attaches unless such negligence was the proximate cause of the injury suffered. *Walaite* vs. *Chicago, R.I. and P. Ry. Co.*, 376 Ill. 59, 33 N.E. 2d 119 (1941); *Gray* vs. *Pflanz*, 341 Ill. App. 527, 94 N.E. 2d 693 (1950).

In the opinion of this Court, claimant has not proved by a preponderance of the evidence the elements necessary to a recovery.

An award to claimant, Bank of Lyons, An Illinois Banking Corporation, is, therefore, denied.