**In the Matter of Gerald Elliott HOLLIS, Bankrupt.**

**No. H–8092.**

United States District Court
D. Connecticut.

April 15, 1969.

Martin W. Hoffman, Hartford, Conn., for trustee.

Eli Taylor, Boston, Mass., for petitioner, Harbor Nat. Bank.

## RULING ON PETITION FOR REVIEW

CLARIE, District Judge.

The petitioner, Harbor National Bank of Boston (Bank), has filed a Petition for Review of the final order of the Referee in Bankruptcy, dated December 18, 1968, denying the Bank's reclamation petition. The sole question presented is whether the Bank had a perfected security interest in the property under Connecticut law. The Court finds that it did and therefore grants the Bank's petition for Review and reverses the order of the Referee.

1

On July 12, 1968, the bankrupt purchased a motor vehicle from Smyly Buick, Inc. in Malden, Massachusetts. As a part of the transaction a security agreement was executed by the parties which was simultaneously assigned to the petitioner Bank. The bankrupt and Smyly Buick also executed on July 12, 1968 a Connecticut Department of Motor Vehicle "Application for Registration and Certificate of Title;" a copy of the Certificate of Title issued by the Department, is already a part of the record. Department procedure produces the Certificate by photostating a portion of the Application and the Court, *sua sponte,* has procured a photostatic copy of the entire Application from the Department and made it part of the file. The Application, accompanied by the required fees, was received by the Department on July 12, 1968.

On September 16, 1968, the debtor was adjudicated a bankrupt. The Bank filed a reclamation petition on September 26, 1968 seeking repossession of the automobile or the proceeds from the sale thereof. The Trustee objected and after a hearing, the Referee ruled that the Bank had not perfected its security interest in the vehicle under Conn.Gen. Stat. § 14–185, and thus the Trustee had priority over the creditor.

The position of the Trustee is based on the fact that the parties failed to complete Box #23 on the Application, which box requires the parties to state the "date of lien." The Trustee asserts that this omission is fatal under § 14–185(a) which provides in relevant part:

"Unless excepted by section 14–167, a security interest in a vehicle of a type for which a certificate of title is required is perfected by the delivery to the commissioner of the existing certificate of title, if any, an *application for a certificate of title* containing the name and address of the lien holder and *the date of his security agreement* and the required fee. * * *" (Emphasis added.)

The Trustee makes two basic arguments. First, that unless Box #23 is filled in, the Application does not satisfy the statutory requirement that it contain the "date of his security agreement." Second, that if the Application does not contain the date of the security agreement, the lienholder does not have a perfected security interest. Section 14–185 was adopted in 1957 as part of the Uniform Motor Vehicle Certificate of Title and Anti-theft Act, Conn.Gen. Stat. §§ 14–165 to 14–211. The Connecticut courts have not as yet construed the section. Thus, in interpreting state law the federal court is required to anticipate a definitive construction by the state courts. In so doing the Court disagrees with both of the Trustee's arguments when they are applied to this case.

Section 14–185 does not establish the form on which the Application is made, nor does it adopt the form which the Commissioner of Motor Vehicles has approved. Therefore, there is no automatic legal significance to the failure to complete Box #23. All that the statute requires is that the Application state the date of the security agreement. Despite the failure to complete Box #23, even a cursory examination of this Application indicates that the security agreement could possibly bear only one date—the date of July 12, 1968.

The date of purchase of the vehicle is given as July 12, 1968 in Box #8. Thus a security agreement in that vehicle could not be dated prior thereto. Similarly, in signing the Application the parties certified that the Bank had a lien on July 12, 1968. (Box #34). This is corroborated by the fact that the entire Application showing the Bank's lien was delivered to the Department on July 12, 1968 (see the validation stamp in the upper right-hand corner). Thus, the document on its face shows that the date of the security agreement was neither prior to nor subsequent to July 12, 1968; by necessary inference it was executed on that date. The Application complied with the statutory requirement that it state the date of the security agreement; thus the Bank's lien was

perfected under § 14–185 and it was entitled to reclamation.

There is an alternative basis for the Court's decision that the Bank's interest was perfected under the statute. The Trustee takes the position that in order to perfect a security interest under § 14–185, the parties must strictly comply with the statutory requirements. To support this position he relies on a series of older Connecticut decisions which required such compliance in conditional sales contracts. Rhode Island Hospital Nat'l Bank of Providence v. Larson, 137 Conn. 541, 79 A.2d 182 (1951); Standard Acceptance Corp. v. Connor, 127 Conn. 199, 15 A.2d 314, 130 A.L.R. 720 (1940); C.I.T. Corp. v. Hungerford, 123 Conn. 438, 196 A. 151 (1937).

The cases relied upon by the Trustee all arose under Conn.Gen.Stat. §§ 42–77 to 42–82 which was repealed when the Legislature adopted the Uniform Commercial Code (U.C.C.) in 1959. A salient feature of Article 9 of the U.C.C. is its purpose to radically simplify the filing requirements to perfect a security interest. It explicitly adopted a system of "notice filing" which places on public record only "the minimum information necessary to put any searcher on inquiry." In doing so it explicitly rejected the numerous decisions holding seemingly trifling discrepancies and omissions to be defects fatal to security interests. In re Excel Stores, Inc., 341 F. 2d 961, 963 (2d Cir. 1965); Comments to § 42a–9–402. As part of this policy § 42a–9–402(5) provides that:

"A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not misleading."

The antithetical theories represented by the conditional sales contract cases and the notice filing provisions of Article 9 squarely present the question of which theory the Connecticut courts would follow in interpreting § 14–185. The Court rules that § 14–185 most properly embodies the theory of the U.

C.C. and should not be construed more strictly. Section 42a–9–402 represents a clear expression of legislative intent to repudiate the old rule of strict compliance with the filing statute. This policy is applicable when construing § 14–185. Furthermore, unlike the conditional sales act, the Certificate of Title Act establishes by its terms a system of notice filing closely analogous to that utilized by the U.C.C. The Act does not require the filing of the security agreement setting forth all the terms of the parties' contract. Neither the Application or the Certificate of Title contains any of the terms of the agreement. A prospective creditor must contact the owner or the lienholder for the details of the financial arrangements. Section 14–189 requires the lienholder to supply the necessary information, establishing a system similar to that under the U.C.C. (§ 42a–9–208).

In re German, 285 F.2d 740 (7th Cir. 1961), arose on facts which are indistinguishable from the facts here. The parties had omitted to state the date of the security agreement in the Application for a Certificate of Title and the question presented was whether the lienholder had a perfected security interest under the Illinois version of the Uniform Certificate of Title Act which contained language identical to that in § 14–185. The court found that the security interest was perfected. In construing the Illinois law it ruled that the Act adopted a system of notice filing and that the law required only substantial compliance rather than strict compliance. Under § 14–210, it is the duty of a court construing the Act to create a uniform national interpretation. Thus the *German* case represents persuasive authority on the point.

■ For the reasons stated, the Court rules that § 14–185 is properly construed as a notice filing statute with requirements similar to those in Article 9 of the U.C.C. Thus the Bank's security interest was perfected if it substantially complied with the statute. Whether the filing requirements have been

substantially complied with, so as to give the requisite notice to other creditors depends upon the facts of each case. However, there can be no doubt that there was substantial compliance here.

The Application gives the name and address of the lienholder who is required to supply the full details of his interest. It clearly states that the Bank is the "first lienholder." The Application indicates that the date of purchase, the date of execution and the date of receipt by the Department were all on July 12, 1968. Although Box #23 is incomplete, the date of the security agreement is sufficiently indicated to substantially comply with the statute. In the *German* case the date was not nearly as clearly indicated, but the Court nevertheless found substantial compliance.

Furthermore, in Benedict v. Lebowitz, 346 F.2d 120 (2d Cir. 1965), the creditor completely omitted to sign the financing statement, although his name had been typed into the body of the document. The court found that under Article 9 there had been substantial compliance with the statute. Under the rules set down by the Second Circuit, which are in complete accord with the purposes of the U.C.C., what is required is that the filing fully warn a prospective creditor of the existence of the security interest. This is the proper standard by which to interpret § 14–185. The application in this case was adequate for this purpose. There is no possibility that any potential creditor was deceived. Moreover, the record contains no proof or claim by anyone of any prejudice. Thus the Bank substantially complied with § 14–185 and had a perfected security interest.

In conclusion the Bank did satisfy the statutory requirement, that it supply the date of the security agreement on the Application for a Certificate of Title. Alternatively, the Court finds that § 14–185 is a notice filing statute, with which the parties must satisfy the requirements of substantial compliance, and with this the Bank's Application conformed. Thus the petitioner Bank did have a perfected security interest in the motor vehicle and was thus entitled to preference over the claim of the Trustee. The Court grants the Bank's petition for Review and reverses the order of the Referee. So ordered.