**In the Matter of Theodore GRANDMONT and Judy K. Grandmont.**

**Nos. 35662, 35663.**

United States District Court,
D. Connecticut.

April 2, 1970.

---

Harry Hefferan, Sibal, Hefferan & Rimer, Norwalk, Conn., for petitioner on review.

Samuel H. Woltch, Bridgeport, Conn., for respondent on review.

### RULING ON PETITION FOR REVIEW

ZAMPANO, District Judge.

This Petition for Review of the order of the Referee in Bankruptcy presents two important questions under the provisions of the Bankruptcy Act: (1) whether by virtue of Section 39c of the Act the petition must be dismissed because it was not filed with the Referee within 10 days after the entry of the final order from which review is sought, and (2) whether a security interest in an automobile was invalidated because the application for the Connecticut Certificate of Title to the vehicle did not set forth the date of the security agreement as required by Conn.Gen.Stat. § 14–185.

#### I.

The material facts are undisputed. On March 23, 1967, the bankrupts purchased a 1967 Rambler Ambassador from Georgetown Motors, Inc., of Georgetown, Connecticut. On the same date the contract was assigned to the reclaiming petitioner, The Fairfield County Trust Co., ("Bank"), of Norwalk, Connecticut, as security for funds loaned to the bankrupts to assist them in purchasing the vehicle. The financing statement was filed in April, 1967 in the appropriate public office in New York, the state of the bankrupts' residence.

Thereafter the bankrupts moved to Iowa where they obtained a Certificate of Title to the automobile. Later they changed their residence to Connecticut, and on January 22, 1969, they filed an application for a Connecticut Certificate of Title. The application and the Certificate of Title, subsequently issued on January 29, 1969, both set forth that the vehicle was purchased "4–67" and that the Bank held a first security interest. However, the application failed to state the date the security agreement was executed; the blank on the form requesting such information was left unanswered by the bankrupts. Despite the omission, the Certificate of Title was issued by the state authorities.

After bankruptcy proceedings were instituted, the Bank filed a reclamation petition on June 27, 1969, seeking possession of the vehicle or the proceeds from its sale. The Referee sustained the Trustee's objection, and held that the Bank had not perfected its security

interest under Connecticut law. Thus the Bank's unperfected security interest was ruled subordinate to the Trustee's rights to the automobile.

The Referee's final order on the matter was filed on December 19, 1969. On December 23, 1969, the attorney for the petitioner went to the Clerk's Office for the United States District Court, District of Connecticut, in Bridgeport, Connecticut, and asked the assistant clerk on duty whether it was proper to file a Petition For Review in that office. The clerk stated she would accept the papers and filing fee and would refer the petition to the Referee, whose office was a few steps away. The clerk thereupon duly file-stamped the Petition under date "December 23, 1969." For some unexplained reason, however, the Referee did not receive the Petition For Review until December 30, 1969, one day after the ten-day period for filing an appeal had expired. Bankruptcy Act, § 39c.

## II.

The Trustee first claims the Petition was not timely filed. The pertinent provision of the Bankruptcy Act, § 39c, provides that "[a] person aggrieved by an order of a referee may, within ten days after the entry thereof * * *, file with the referee a petition for review of such order by a judge * * *." The Bank's Petition Ror Review was filed with the Clerk's Office within the 10 days prescribed, but the assistant clerk failed to transmit it to the Referee within the limitations period.

It would be unduly harsh and unjust to hold that the Petition was time-barred under these circumstances; it has long been the custom and practice in this District for the Clerk's Office to accept and file papers in behalf of the Referee after the initial reference. Thus the filing with the Clerk was a filing with the Referee. Order 20, General Orders in Bankruptcy, 28 U.S.C.; In re F. P. Newport Corporation, 137 F.Supp. 58, 60 (S.D.Calif.1955).

## III.

The Trustee's second contention, sustained by the Referee, is that the Bank's security interest in the vehicle was not perfected because the application for a Certificate of Title filed by the bankrupts in Connecticut failed to disclose the date the security agreement was executed. This position finds solid support in a series of cases decided by the Bankruptcy Referees in this District. The instant appeal calls into question the validity of these decisions.

The relevant provision of the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act, ("Act"), Conn.Gen.Stat. ch. 247, § 14–165 et seq., is § 14–185, which became effective on July 1, 1959. This section of the Act provides in pertinent part that a security interest in a motor vehicle is perfected by delivery to the Commissioner of Motor Vehicles of an application for a Certificate of Title containing the name and address of the lienholder and the date of his security agreement.

In the Matter of Benson, 40 Conn.B.J. 266 (June, 1966), Referee Trevethan ruled that the total omission of the date of a security agreement from an application for a Connecticut Certificate of Title leaves the security interest in a motor vehicle unperfected and subordinate to the rights of a trustee in bankruptcy of the owner. However, Referee Trevethan, in another case, did recognize that a minor error in misstating the date in the application ("October 18, 1965" instead of October 4, 1965) was not seriously misleading and held that the security interest was perfected. Matter of Pollack, 40 Conn.B.J. 262 (June, 1966). In the Matter of Scannell, 40 Conn.B.J. 650 (December, 1966), Referee Seidman applied the *Benson-Pollack* principles and decided that the error in the date inserted in the application ("August 1962" rather than the correct date of September 21, 1964) was so grossly inaccurate as to be equivalent of no date at all. The two-year time period of *Scannell* for a finding of "gross error" was refined downward in the Matter of

Vielleux, 41 Conn.B.J. 545 (September, 1967), wherein Referee Trevethan determined that an error of slightly over one year in ascribing the date of the security agreement on the application constituted a major inaccuracy which "was the equivalent of complete omission of the required date."

The Referees undoubtedly have attempted to establish clear-cut guidelines and boundaries in this technical area of bankruptcy law. In addition, there is little question they have been influenced by the rationale of pre-Code Connecticut case law which invalidated liens because of harmless, minor errors in the content and execution of conditional bills of sale and chattel mortgages. See, e. g., Rhode Island Hospital National Bank v. Larson, 137 Conn. 541, 79 A.2d 182 (1951); Standard Acceptance Corp. v. Connor, 127 Conn. 199, 15 A.2d 314 (1940).

■ With the adoption of the Uniform Commercial Code in Connecticut, however, the former requirements of undeviating adherence to the precise provisions of the statutes governing security agreements were abolished. The main purpose of the "notice filing" provisions of the Code is to provide a public record with sufficient content to alert an interested party that there may be a prior security interest. In re Excel Stores, Inc., 341 F.2d 961, 963 (2 Cir. 1965); In re Colorado Mercantile Co., 299 F.Supp. 55, 58 (D.Colo.1969). A financing statement substantially complying with the requirements of the Code is effective even if it contains minor errors which are not seriously misleading. Con.Gen. Stat. § 42a-9-402(5). Thus, whether a discrepancy or an omission in the application is a fatal defect to a security interest must necessarily depend on the facts of each case.

■ In the instant case, there is no evidence that the failure to write the date of the security agreement in the particular space provided on the application actually misled the trustee or any creditor of the bankrupts. No claim is made by anyone of prejudice. A prudent examiner could have determined that the vehicle was subject to a security interest; the owner and the lienholder were clearly identified. The exact state of affairs was easily ascertainable from the owner or the lienholder through further inquiry. Conn.Gen.Stat. § 42a-9-208; In re Fried Furniture Corp., 5 U. C.C.Rep.Serv. 750 (E.D.N.Y.1968).

The Court of Appeals for the Seventh Circuit, on facts indistinguishable from those in the instant case, ruled that the lienholder had a perfected security interest. In re German, 285 F.2d 740 (7 Cir. 1961). Despite the omission of the date of the security agreement on the application for a Certificate of Title, the court stated "there was substantial compliance with the statute, and that the application form was sufficient to put any subsequent purchaser, creditor, or lien claimant of the Bankrupt on notice of the fact of the lien and upon inquiry as to all salient facts." 285 F.2d at 742–743. The Referee in the present case recognized the force of the *German* decision but held that it was not "to be considered persuasive in this jurisdiction." This conclusion completely overlooks Judge Clarie's determination precisely to the contrary in Matter of Hollis, D. Conn., Bky. No. H 8092, April 15, 1969, Clarie, J.

In *Hollis* Judge Clarie ruled that under the facts before him the omission of the date of the security agreement on the application form was a minor error not seriously misleading. In the course of his comprehensive opinion on the subject, Judge Clarie emphasized that "it is the duty of a court construing the Act to create a uniform national interpretation," and expressly stated that "the *German* case represents persuasive authority on the point."

Applying the *German-Hollis* principles to the factual circumstances here, this Court is of the opinion that the omission of the date on the application form was a minor error, not seriously misleading or prejudicial; therefore, the Bank does

have a perfected security interest in the motor vehicle in question. Accordingly, the Bank's Petition for Review is granted; the order of the Referee entered December 19, 1969, is reversed.