E. H. SPAULDING, Plaintiff-Appellant, v. PEOPLES STATE BANK OF BLOOMINGTON, Defendant-Appellee.—(CHARLES W. JOHNSON, Defendant.)

(No. 12351;

Fourth District—February 6, 1975.

Larry M. Leiken, of Eureka, for appellant.

John P. Schwulst, of Bloomington, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff appeals from the order of the circuit court entering judgment in favor of the defendant, Peoples State Bank of Bloomington, Illinois, a banking corporation, and against plaintiff.

The facts are not in dispute. The evidence indicates that E. H. Spaulding, the plaintiff, in November 1971, met defendant, Charles W. Johnson, in response to a newspaper advertisement in which Johnson offered a

Cadillac for sale. On November 25, 1971, the parties agreed that Johnson would sell the car to Spaulding for $6200, and Spaulding agreed to pay $4700 cash and transfer a 1970 Chevy Nova to Johnson. The evidence indicates that Johnson had purchased the Cadillac from one Les Snow, and that he obtained a loan from the Peoples State Bank of Bloomington to help finance the purchase. He made application for a new certificate of title for the Cadillac by transferring to himself the title which was in the name of Les Snow, the application indicating a lien in favor of the Peoples State Bank.

On November 27, 1971, in the presence of Johnson, plaintiff delivered a $4700 bank money order to the Peoples State Bank, and Johnson was given credit on his loan in exact amount that was necessary to retire his loan, being approximately $3000, and was given the bank's cashier's check for the balance of the money order.

After the Johnson loan was paid, plaintiff asked for a certificate of title to the Cadillac and was told by an employee of the Peoples State Bank that Johnson's application for a certificate of title had been sent to the office of the Secretary of State and had not been returned. Spaulding was then told by a bank employee that the transfer would take approximately 6 weeks, but when the title was returned by the Secretary of State to the bank, it would be forwarded to Spaulding.

Spaulding and Johnson left the bank, and, at Spaulding's request, Johnson gave him a handwritten receipt for the sale of the Cadillac, describing the car by year and serial number. The receipt also stated that the certificate of title was in the mail. Spaulding refused to turn over the certificate of title to the Nova until he received the certificate for the Cadillac. Both Johnson and Spaulding then left the bank, each in the other's car.

On December 6, 1971, Spaulding was asked by Illinois State Police if they might inspect the Cadillac, and a few days later it was impounded as a stolen vehicle. Spaulding had no further possession of the Cadillac, and a certificate of title was later mailed to Spaulding which showed Johnson's endorsement and the bank's release of its purported lien.

Spaulding immediately contacted Johnson concerning the loss of the Cadillac, and Johnson stated he knew nothing about the car having been stolen. Subsequently, Johnson returned the Nova to Spaulding, and Spaulding promptly made demand of the Peoples State Bank for a return of his funds.

The bank refused to make refund to Spaulding, and he then filed suit against the bank and Johnson; however, Johnson was later adjudged bankrupt and was discharged prior to commencement of this trial. A default judgment was entered in favor of Spaulding and against Johnson,

and, after a bench trial, judgment was entered in favor of the Peoples State Bank and against Spaulding. Spaulding then perfected this appeal from the order of the circuit court entering judgment in favor of the bank and against him.

It is the contention of the appellant that the decision of the trial court results in an unjust enrichment of the defendant bank, and he argues that where a mutual mistake of fact exists in the contract the court should require full restitution to an innocent payor where the payee participates in the transaction.

The Peoples State Bank further raises the question as to whether it should be permitted in this court, after oral arguments have been heard, to amend its answer and allege the affirmative defense that it was a holder in due course of the bank money order.

It is our opinion that the trial court committed no reversible error in entering judgment in favor of the defendant bank and against the plaintiff, E. H. Spaulding.

■■ Under the provisions of section 3—107(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 3—107(c)), a certificate of title issued by the Secretary of State is prima facie evidence of the facts appearing thereon. Obviously, the purpose of this section is to provide the public with a readily available means of identifying the owners and lienors to the vehicle described in the certificate of title. (*Blake v. Illinois* (1951), 21 Ill. Ct. Cl. 141.) To hold that either party is entitled to recover judgment based on this section of the Illinois Vehicle Code would render this section of the Code a nullity. Both the plaintiff and the bank were entitled to rely on the certificate of title to the Cadillac as prima facie evidence of the facts contained therein. To hold to the contrary would make the daily conduct of commercial transactions involving automobiles unduly burdensome. The record in this case indicates a wait of approximately 6 weeks for return of an automobile certificate of title after application has been made; therefore, for the extended period of 6 weeks the bank would be put in the position of being a guarantor of title to a vehicle until the application was processed. Once issued, the certificate of title is prima facie evidence of the facts appearing on it, and, absent information to the contrary, parties dealing with the vehicle described in certificate may do so in reliance thereon. *In re German* (7th Cir. 1961), 285 F.2d 740.

■■ Plaintiff asks this court to order a refund of the money he paid to the bank on the theory that a mutual mistake of fact existed and that since the bank participated in the transaction, it would be unjustly enriched if it were permitted to retain the funds paid to it. This argument overlooks the fact that it was he, the plaintiff, who contacted Johnson

and arranged to purchase the Cadillac; that it was he who, along with Johnson, sought out the bank to discharge Johnson's loan; and that it was he who delivered the payment to Johnson to retire his loan with the bank. The bank was an impassive and inactive participant in the entire transaction. It received payment from Johnson but made no representation that the plaintiff was acquiring a valid certificate of title to the Cadillac. It did nothing other than release its purported lien on Johnson's automobile. It is impossible to conclude, as plaintiff does, where one of two innocent parties will suffer a loss because of a mutual mistake, the plaintiff and not the bank should be the one to be protected. Such a conclusion would be the equivalent of holding that the bank in loaning Johnson money to purchase an automobile is a guarantor of the title to the automobile. Such is not the case. Plaintiff dealt with Johnson, who represented that he had valid title to the Cadillac, and it was he upon whom plaintiff relied. The bank made no representation as to the validity of the title, nor did it in any way induce plaintiff to make the purchase. To the contrary, the bank's only representation to plaintiff was that it was releasing its lien on the Cadillac.

In view of the foregoing, it is unnecessary to decide the other questions raised on review, including the issue of whether or not the defendant bank should be permitted to amend its answer at this time; therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.