(No. 78-CC-0383—

GLENVIEW STATE BANK, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Order filed April 29, 1982.*

MILLER & HUSZAGH, LTD., for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent for reconsideration of an order heretofore entered by this Court and Claimant's objection to said motion.

The question involved in this case is whether or not the State of Illinois is liable to Claimant when the Secretary of State's office issued a duplicate certificate of title, which title failed to indicate the existence of a lienholder.

The Court has previously dealt with this issue in four separate and distinct cases: *Blake v. State*, 21 Ill. Ct. Cl. 141; *Bank of Lyons v. State*, 26 Ill. Ct. Cl. 104; *Wagoner v. State*, 27 Ill. Ct. Cl. 127; and *Brown v. State*, No. 75-CC-1408.

In light of the opinions rendered in the above cases and the statutes of the State of Illinois which indicate the State is not to be held liable for any mistakes made by the Secretary of State's office, it becomes incumbent

upon the Court to follow the rules heretofore laid down and also the statutes involved. A particular statute is Section 3—114(h) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 3—114(h) which states as follows:

"The Secretary of State shall not be held civilly or criminally liable to any person because any purported transferor may not have had the power or authority to make a transfer of any interest in any vehicle."

It appears the only remedy for this situation would be with the legislature of the State of Illinois and not with the Court of Claims. The Court finds the State of Illinois is not responsible and this cause should be dismissed.