In re Ronald K. SUDDARTH, Debtor.

Patrick J. Malloy III, Trustee,
Appellant,

v.

Arcadia Financial Ltd., Appellee.

Bankruptcy No. 97–04791–R.

No. 98–CV–539–H(J).

United States District Court,
N.D. Oklahoma.

Feb. 16, 1999.

Patrick Joseph Malloy, III, Malloy & Malloy, Tulsa, OK, for Patrick J. Malloy, III, Trustee, appellant.

Pat Brown, Michael L. Loyd & Assoc., Bethany, OK, for Arcadia Financial Ltd., appellee.

John Scott McWilliams, Tulsa, OK, for Ronald K. Suddarth, debtor.

### ORDER

Holmes, District Judge.

This matter comes before the Court on the Report and Recommendation of the United States Magistrate Judge (Docket # 6) with respect to the Trustee's appeal of the Bankruptcy Court's decision that Arcadia substantially complied with the Oklahoma motor vehicle perfection statute. Appellant has filed an objection to the Report and Recommendation.

When a party objects to the report and recommendation of a Magistrate Judge, Rule 72(b) of the Federal Rules of Civil Procedure provides in pertinent part that:

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the mat-

ter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b).

The Magistrate Judge recommended that the decision of the Bankruptcy Court should be affirmed on the basis that Okla. Stat.Ann. tit. 47 § 1110 incorporates the substantial compliance provisions of the UCC, and that Arcadia substantially complied with the requirements of section 1110. Appellant objected, arguing that the complete omission of the date of the security agreement in Arcadia's lien entry form is insufficient either pursuant to the express terms of section 1110 or under the substantial compliance standard enunciated in *In re Cook,* 637 P.2d 588 (Okla.1981).

Based upon a careful review of the Report and Recommendation of the Magistrate Judge and Appellant's objections, the Court finds that the Report and Recommendation affirming the Bankruptcy Court's decision should be adopted. Accordingly, the Court hereby adopts the Report and Recommendation of the United States Magistrate Judge (Docket # 6).

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

The Trustee appeals the decision of the Bankruptcy Court that Arcadia substantially complied with the Oklahoma motor vehicle perfection statute when it delivered a lien entry form to the Oklahoma Tax Commission which included a date upon which the creditor signed the security agreement but did not include the date of the security agreement. For the reasons discussed below, the United States Magistrate Judge recommends that the decision of the Bankruptcy Court be **AFFIRMED.**

### I. STATEMENT OF FACTS

The Bankruptcy Court entered the following findings of fact. Ronald K. Suddarth, the debtor, entered a retail installment agreement to purchase a used 1997 Stratus on September 10, 1997. He granted a purchase money security interest in

the vehicle to Tulsa United Motor Sales. On September 11, 1997, Tulsa United Motor Sales assigned the retail installment agreement to Arcadia Financial Ltd. ("Arcadia"). On that same day an Arcadia representative executed a lien entry form as the "Secured Party/Assignee". The lien entry form was complete, with the exception of the box on the form which provides for the date of the security agreement. This box was left blank. The signature of Arcadia's representative was dated September 11, 1997. The signed lien entry form was delivered to a motor license agent on September 11, 1997. On October 14, 1997, Suddarth filed a Voluntary Petition for Relief under Chapter 7 listing the vehicle as an asset of the estate.

## II. STANDARD OF REVIEW

■ The Bankruptcy Court's findings of fact are reviewed under the "clearly erroneous" standard. Conclusions of law are reviewed *de novo*. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988). "When reviewing factual findings, an appellate court is not to weigh the evidence or reverse the finding because it would have decided the case differently. A trial court's findings may not be reversed if its perception of the evidence is logical or reasonable in light of the record." *In re Branding Iron Motel, Inc.*, 798 F.2d 396 (10th Cir.1986) (citations omitted).

Appellant submits nothing that causes this Court to disturb the Bankruptcy Court's findings of facts under the clearly erroneous standard.

## III. ANALYSIS

### A. SECTION 1110 REQUIRES ONLY SUBSTANTIAL COMPLIANCE

■ Title 47 O.S. § 1110 governs the perfection of security interests in motor vehicles. The section expressly incorporates the principles of the UCC. "In all other respects, Title 12A of the Oklahoma Statutes shall be applicable to such security interests in vehicles as to which a certificate of title may be properly issued by the Commission."[1] 47 O.S.1991, § 1110.

This section was amended in July 1985. The prior statute did not contain the "express incorporation" language which is, in part, the focus of the decision of the Bankruptcy Court.[2] The Oklahoma Supreme Court in a case interpreting the perfection provision in Title 47, prior to the 1981 amendment of the statute, concluded that the provisions of the UCC should be used in interpreting the statute.

> Although the Oklahoma Certificate of Title Statute does not expressly adopt the general concepts and principles of the Code for the interpretation and construction, it does not and should not stand severed from the modern law controlling security interests. We see no reason to adopt outmoded and harsh principles of construction in interpreting the sufficiency of perfecting a vehicle security agreement when most, if not all, other goods are subject to the liberal definitions of the Code. The Legislature rejected such archaic, strict construction when it passed the Code provisions prior to the Oklahoma Certificate

---

1. This provision of "express incorporation" does have an exception. The statute provides that "[t]he filing and duration of perfection of a security interest, pursuant to the provisions of Title 12A of the Oklahoma Statutes, including, but not limited to, Section 9–302 of Title 12A of the Oklahoma Statutes, shall not be applicable to perfection of security interests in vehicles as to which a certificate of title may be properly issued by the Commission...."

2. The language of the previous statute did provide that "[t]he filing provisions of Title 12A of the Oklahoma Statutes, including, but not limited to, Section 9–302, shall not be applicable to perfection of security interests in vehicles as to which a certificate of title may be properly issued by the Tax Commission, except as to vehicles...." Title 47 O.S. 1981, § 23.2b. The statute does not contain the additional language, as set out above by the Court, that "in all other respects" Title 12A is applicable. *See* 47 O.S.1991, § 1110.

of Title Statute. It further affirmed its conviction that the Code principles should apply when it incorporated the very language of the Code into § 23.2b. Section 23.2b of Title 47 adopts the definition for security interests found in the Code at § 1–201 of Title 12A. Such a reference demonstrates the intertwined nature of the Statute and the Code. Notice of a security interest in a motor vehicle on a certificate of title is the equivalent of a financing statement of other types of goods under the Code. The concepts of the Code shall govern in determining the sufficiency of notice.

*In re Cook*, 637 P.2d 588 (Okla.1981).

The amended statute expressly incorporates the provisions of the UCC. In addition, prior to this amendment, the Oklahoma Supreme Court had, in case law, incorporated the provisions of the UCC to the perfection of motor vehicles. The Court concludes that the Bankruptcy Court correctly concluded that the substantial compliance provisions of the UCC should be incorporated into the perfection provisions of 47 O.S.1991, § 1110.

### B. Arcadia Has Substantially Complied With Section 1110

■ In accordance with 12A O.S.1991, § 9–402(8), "[a] financing statement substantially complying with the requirements of this section [regarding form of financing statement] is effective even though it contains minor errors which are not seriously misleading."

In *Woodson v. General Motors Acceptance Corporation (In re Hembree)*, 635 P.2d 601, 603 (Okla.1981), the Oklahoma Supreme Court noted that "[t]he policy underlying the perfection and recordation of security interests is to provide notice to interested parties." The Court additionally found that a "policy of liberal construction shall be applied to promote the underlying purpose of the UCC." *Hembree*, 635 P.2d at 603, citing 12A O.S.1971, § 1–102(1) ("This Act shall be liberally construed and applied to promote its underly-

ing purposes and policies,") and 12A O.S. 1971, § 1–102(2) ("Underlying purposes and policies of this Act are: (a) to simplify, clarify and modernize the law governing commercial transactions; (b) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties; (c) to make uniform the law among the various jurisdictions."). The *Cook* court reaches the same conclusion with similar language.

For the reasons stated we hold that Section 23.2b is properly construed as a notice filing statute with requirements similar to those of Article 9 of the U.C.C., holding Ford's security interest was perfected if it substantially complied with the statute. Whether the filing requirements have been substantially complied with so as to give requisite notice to other creditors depends on the facts of each case.

12A O.S.1971 § 9–402(5) provides that a filing substantially complies if it contains "minor errors" which are not "seriously misleading."

*In re Cook*, 637 P.2d at 590.

The Bankruptcy Court concluded that Arcadia had substantially complied with the perfection requirements. The Magistrate Judge recommends that the District Court affirm the decision of the Bankruptcy Court.

■ The Bankruptcy Court noted that "[s]ubstantial compliance with the perfection statute is achieved if deviations from the strict requirements of the perfection statute do not seriously mislead the creditor." *See* Order of Bankruptcy Court at 7. This is in accord with Oklahoma law. Under the facts of this case, substantial compliance occurs if (1) notice is given to the parties, and (2) no trustee or creditor is misled. Notice, which is the purpose of the statute, was achieved.

■ The Bankruptcy Court additionally noted that an evaluation of substantial compliance requires a case by case factual

analysis which considers: (1) whether sufficient information has been imparted to the creditor to give the creditor notice of the existence of the lien, (2) whether the collateral upon which the lien has attached, (3) provides a general idea of when the lien arose, and (4) contains the identity of the debtor and the secured party to permit a third party to make further inquiry. *See* Bankruptcy Order at 9, n. 3, *citing Liberty Nat'l Bank and Trust Co. v. Garcia,* 686 P.2d 303, 305 (Okla.App.1984). In this case, the retail installment agreement was entered into on September 10, 1997. The Arcadia representative's signature is "dated" September 11, 1997, and the form was received by the motor license agent on September 11, 1997. The Court concludes that, considering the liberal construction and substantial compliance policies, the information provided was sufficient to give a party reviewing the form a "general idea" of when the lien arose.

Appellant refers to the *Cook* case and focuses on a Connecticut case which concluded that the omission of the date was a fatal defect. As pointed out by the Bankruptcy Court, the reference to the Connecticut case is dicta. In addition, as noted by the Bankruptcy Court, the District Court for the District of Connecticut held that the omission of the date in the security agreement did not invalidate the security interest when nothing indicated that the omission misled the trustee or creditors. *See* Order of the Bankruptcy Court, n. 3 at 9, *citing In re Grandmont,* 310 F.Supp. 968 (D.Conn.1970).

### III. RECOMMENDATION

The United States Magistrate Judge recommends that the District Court affirm the decision of the Bankruptcy Court.

### IV. OBJECTIONS

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. See *Moore v. United States,* 950 F.2d 656 (10th Cir.1991); and *Talley v. Hesse,* 91 F.3d 1411, 1412–13 (10th Cir.1996).

JOYNER, United States Magistrate Judge.

Dated this 15 day of January 1999.